IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILBURN RAY ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:03-1240 |
| v. ) | Judge Trauger |
| ) | Magistrate Judge Knowles |
| TRW AUTOMOTIVE U.S. LLC, ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

## ORDER

For the reasons expressed in the accompanying memorandum, the Motion for Summary Judgment filed by defendant TRW Automotive U.S. LLC ("TRW") (Docket No. 18) is **GRANTED IN PART** and **DENIED IN PART**.

The Motion is **GRANTED** as to all claims alleged in Counts II, III, and IV of plaintiff Wilburn Ray Adams's Complaint (Docket No. 1). Specifically, the Motion is **GRANTED** as to plaintiff's claim that he was discriminated against on the basis of being regarded as disabled under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleged in Count II. The Motion is **GRANTED** as to plaintiff's claims of wrongful termination and failure to accommodate under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq.*, and Tenn. Code Ann. § 4-21-301 *et seq.*, alleged in Count III. The Motion is **GRANTED** as to plaintiff's claims of retaliation under both the ADA and the THRA, alleged in Count IV. Accordingly, all claims alleged in Counts II, III, and IV are **HEREBY DISMISSED**.

The Motion is **GRANTED IN PART** and **DENIED IN PART** with respect to the claims

1

alleged in Count I of plaintiff's Complaint. The Motion is **GRANTED** to the extent that the court finds that the plaintiff is not disabled within the meaning of the ADA by having a physical impairment that substantially limits him in the major life activity of performing manual tasks. The Motion is **DENIED** with respect to whether the plaintiff is disabled within the meaning of the ADA by having a physical impairment that substantially limits him in the major life activity of walking. The court does not reach the question of whether the plaintiff is disabled within the meaning of the ADA by having a physical impairment that substantially limits him in the major life activity of working. The Motion is **GRANTED** to the extent that the plaintiff alleges that TRW discriminated against him in violation of the ADA by failing to accommodate him by reassignment. The Motion is **DENIED** with respect to whether TRW discriminated against him in violation of the ADA by failing to accommodate him with a stool or chair. The Motion is **GRANTED** as to any claim of wrongful termination in violation of the ADA that the plaintiff alleges in Count I, which claim is **HEREBY DISMISSED**.

In sum, the plaintiff will be permitted to pursue his claim, alleged in Count I, that he was disabled within the meaning of ADA by being substantially limited in the major life activity of walking and that TRW discriminated against him in violation of the ADA by failing to accommodate him by refusing to provide him with a stool or chair.

It is so ordered.

Enter this 22nd day of July 2005.

ALETA A. TRAUGER
United States District Judge